UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 23-280

KENNETH TATE                                SECTION M (1)

## ORDER & REASONS

Before the Court is a motion to dismiss indictment filed by defendant Kenneth Tate.[1]  Tate

seeks dismissal of the single-count indictment, which charges him with being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1),[2] based on his contention that the statute violates

the Second Amendment, both facially and as applied, in light of the Supreme Court's decision in

*New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  The United States of America

(the "Government") responds in opposition.[3]  Having considered the parties' memoranda, the

record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I.     BACKGROUND

The Government alleges that, on or about November 25, 2023, Tate knowingly possessed

a semiautomatic rifle and a pistol after having been previously convicted of crimes he knew to be

felonies.[4]  Particularly, the Government alleges that Tate had been convicted of possession of

cocaine (crack) twice in 1998, and two counts of carjacking in 2002.[5]  Section 922(g)(1) provides,

in pertinent part, that "[i]t shall be unlawful for any person who has been convicted in any court

---

[1] R. Doc. 24.
[2] R. Doc. 13.
[3] R. Doc. 27.
[4] R. Doc. 13 at 1-2.
[5] *Id.* at 1.

of a crime punishable by imprisonment for a term exceeding one year to ... possess in or affecting commerce, any firearm or ammunition." Accordingly, the Government charged Tate with violation of § 922(g)(1) in a single-count indictment after officers observed him with a rifle during a surveillance operation that was targeting drug-trafficking activity.[6]

## II.   PENDING MOTION

Tate argues that the Supreme Court's decision in *Bruen* abrogated the Fifth Circuit's controlling two-step approach[7] for evaluating the constitutionality of laws that place restrictions on Second Amendment rights.[8] Therefore, he maintains, the Fifth Circuit's line of precedent upholding the constitutionality of § 922(g)(1) under the two-step approach has been overruled and the statute must be reevaluated with the test delineated in *Bruen* – a conclusion he says has recently been reached by the Fifth Circuit in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023).[9] Under *Bruen*, Tate asserts that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him because the Government cannot demonstrate a historical tradition of permanent, indiscriminate denial of firearm possession to all convicted felons – including those, such as him, whose prior convictions are over 20-years old.[10]

In opposition, the Government argues that "[n]othing in *Bruen* calls into question the precedential effect of Fifth Circuit decisions finding § 922(g)(1) constitutional based on the Second

---

[6] R. Docs. 1; 13.

[7] The Fifth Circuit adopted this framework following the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010). *See, e.g.*, *Hollis v. Lynch*, 827 F.3d 436, 446-47 (5th Cir. 2016). As the Supreme Court in *Bruen* explained, "[i]n the years since [*Heller* and *McDonald*], the Courts of Appeals have coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen*, 597 U.S. at 17.

[8] R. Doc. 24-1 at 3-4.

[9] *Id.* at 4-7.

[10] *Id.* at 7-20. Tate also argues that § 922(g)(1) exceeds Congress's power to regulate interstate commerce. *Id.* at 20-25. He recognizes, however, that this argument is foreclosed, and raises it here only to preserve it for possible further review. *Id.* Thus, the Court need not address this argument.

Amendment's test and history."[11]  The Government maintains that, in *Bruen*, the Supreme Court simply expounded upon its holdings in *Heller* and *McDonald*, which expressly declined to cast doubt on existing prohibitions against a felon's possession of firearms.[12]  Because *Bruen* did not "'unequivocally overrule prior precedent,'" says the Government, this Court is bound by pre- and post-*Heller* caselaw upholding the constitutionality of 18 U.S.C. § 922(g)(1).[13]  The Government also cites in support of its position numerous district court cases within the Fifth Circuit, including this Court's decision in *United States v. Thompson*. 670 F. Supp. 3d 381 (E.D. La. 2023), where the courts "held that *Bruen* is not sufficiently clear in overruling the Fifth Circuit's prior precedent for a district court to disregard that prior precedent."[14]  And, argues the Government, even if this Court were to decide that *Bruen* overruled this line of cases, § 922(g)(1) still passes constitutional muster under *Bruen*'s historical tradition test.[15]

## III.    LAW & ANALYSIS

In *Thompson*, this Court addressed the same arguments raised by Tate regarding whether 18 U.S.C. § 922(g)(1) violates the Second Amendment following *Bruen* and *Rahimi*.  The Court adopts the reasoning of that opinion and reaffirms that "*Bruen* did not disturb binding Fifth Circuit precedent regarding the constitutionality of 18 U.S.C. § 922(g)(1), and, even if it did, this Court lacks the authority to overturn those decisions on its own."  *Thompson*, 670 F. Supp. 3d at 387.  Under the rule of orderliness, "the authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone."  *Id.* at 386.  Moreover, "in *Rahimi* [the Fifth

---

[11] R. Doc. 27 at 7.
[12] *Id.* at 5-7.
[13] *Id.* at 6 (quoting *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021)).
[14] *Id.* at 8-9 & n.2.
[15] *Id.* at 10-16.

Circuit] had no occasion to address the constitutionality of § 922(g)(1), nor did it purport to do so." *Id.* Therefore, applying that precedent, the Court concludes that § 922(g)(1) does not violate the Second Amendment either on its face or as applied here and Tate's motion to dismiss the indictment should be denied.[16]

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Tate's motion to dismiss the indictment (R. Doc. 24) is DENIED.

New Orleans, Louisiana, this 14th day of May, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[16] As a result, the Court need not and does not now analyze § 922(g)(1) under *Bruen*'s historical tradition test for analyzing the constitutionality of modern firearms laws.